UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEANNIE HILLERY AND JULIAN                    CIVIL ACTION
S. HILLERY JR.

VERSUS                                        NO: 06-2909

STATE FARM FIRE AND CASUALTY                  SECTION: "J" (5)
COMPANY

<u>**ORDER AND REASONS**</u>

Before the Court is Plaintiffs' **Motion to Remand and for Costs, Expenses, and Attorney's Fees.** (Rec. Doc. 3.) The motion is opposed. (Rec. Doc. 4.)  Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiffs' motion should be GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiffs' house was damaged by Hurricane Katrina. It was not flooded. They claimed $73,255.51 in damages. Defendant paid them $20,632.91. Seeking to recover the remaining $52,622.60 that they think is owed them, Plaintiffs filed suit in state court. Defendant removed to this Court claiming diversity jurisdiction

1

and jurisdiction under the Multiparty, Multiforum Trial and Jurisdiction Act of 2002 ("MMTJA").

## LEGAL STANDARD

Defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, Defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. *Id.* Defendant must do more than point to a state law that might allow Plaintiffs to recover more than they pled. *Id.* The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## DISCUSSION

**A.    *Diversity Jurisdiction***

Courts have original jurisdiction over disputes between citizens of different states when the amount in controversy is

greater than $75,000. 28 U.S.C. § 1332(a). It is undisputed that the parties are from different states.  In the state petition, Plaintiffs pled the specific amounts they seek under the insurance policy. However, they also claim unspecified statutory penalties and attorney's fees based on allegations of arbitrary and capricious failure to pay their claim. Louisiana allows penalties for arbitrary and capricious failure to pay for proven losses within thirty days. *See* La. R.S. § 22:658. The penalties in this case would be twenty-five percent of the difference between the amount paid and the amount due, or around $13,155.65 according to Plaintiffs' claim. *See id.* In addition, La. R.S. § 22:1220 allows a penalty of twice the damages sustained from specific actions that violate an insurer's duty to act in good faith – including arbitrary and capricious failure to pay within 60 days following a proven claim. La. R.S. § 22:1220(B)(5). If no damage is caused by the breach of duty, then the maximum award is $5,000. *Id.* § 22:1220(C). Defendant argues that the amount on the face of the petition plus the availability of double penalties and attorney's fees puts the amount in controversy beyond the minimum jurisdictional amount.

As noted above, Defendant must do more than point to a state law that might allow Plaintiffs to recover more than they pled.

*De Aguilar*, 47 F.3d at 1412. Although provisions for the recovery of penalties exist, Defendant has not come forward with any evidence of facts establishing possible penalties available under either La. R.S. § 22:658 or La. R.S. § 22:1220. Under section 22:1220, given that Defendant has offered no evidence of damages from the breach,[1] the maximum recovery of $5,000 would raise Plaintiffs' claim to around $57,662. Under section 22:658 Plaintiff's maximum recovery with penalties of twenty-five percent of the amount yet unpaid would be around $66,000.

Although attorney's fees were formerly available for arbitrary and capricious failure to pay a proven claim under La. R.S. § 22:658, Legislative Act 2003, No. 790, § 1 increased the penalty available from ten to twenty-five percent and eliminated the attorney's fee provisions effective August 15, 2003. The parties identify no other applicable provision that authorizes fee shifting. Even if there were an applicable fee shifting provision, Defendant has come forward with no evidence of the amount of fees for which it might be liable. Defendant has failed to meet its burden of proving diversity jurisdiction under 28

---

[1] The penalties of La. R.S. § 22:1220 double the recovery for damages resulting from the breach; they do not double the amount due under the policy. *See, Matter of Hannover Corp. of America*, 67 F.3d 70, 75-76 (5th Cir. 1995)

4

U.S.C. § 1332.[2]

### B.   *Multiparty, Multiforum Trial and Jurisdiction Act of 2002*

Defendant also argues that jurisdiction exists pursuant to
the MMTJA under either the original jurisdiction provision at 28
U.S.C. § 1369 or the supplemental provision at 28 U.S.C. §
1441(e)(1)(B). Section 1369 grants original federal jurisdiction
over "any civil action involving minimal diversity between
adverse parties that arises from a single accident, where at
least 75 natural persons have died in the accident at a discrete
location." 28 U.S.C. § 1369(a). "The term 'accident' means a
sudden accident, or a natural event culminating in an accident,
that results in death incurred at a discrete location by at least
75 natural persons." *Id.* § 1369(c)(4). When an action under this
section is pending, the district court must promptly notify the
judicial panel on multidistrict litigation. *Id.* § 1369(e).
Defendant argues jurisdiction under section 1369 based on the
theory that Hurricane Katrina qualifies as an "accident" under
the statute, and Plaintiffs' claim relates to Hurricane Katrina.

---

[2] Because Defendant has not met its burden, the Court need
not address the effect of Plaintiffs' stipulation that the amount
in controversy does not exceed $75,000. *See De Aguilar*, 47 F.3d
at 1412 (indicating that only after Defendant has met its burden
must Plaintiff establish that it is legally certain that the
jurisdictional amount cannot be recovered).

Defendant argues in the alternative that 28 U.S.C. §
1441(e)(1)(B) allows a party in an MMTJA case to remove a state
court claim to the federal district court where the MMTJA case is
pending even if the state claim could not itself have been
removed under section 1369, when the state claim relates to the
same accident.

Plaintiffs argue that the provisions of the MMTJA have to be
read in the context of the suit before the court. Plaintiffs
argue that, although Hurricane Katrina caused the damage, the
"discrete location" at issue in this suit is their house, where
no one died, and that no legal or factual issues are shared with
any other claimants. Defendant counters that discrete is a
relative term and that the act contemplates accidents that
encompass multiple states and multiple jurisdictions.

As already noted, because federal courts exercise limited
jurisdiction, jurisdictional statutes must be strictly construed
in favor of remand. With this canon in mind, the Court must
reject Defendant's arguments.

Congress enacted the MMTJA to allow full consolidation of
state and federal cases related to a common disaster to eliminate
multiple or inconsistent awards arising from multiforum
litigation. *See* H.R. Conf. Rep. No. 107-685, at 200, *reprinted in*

2002 U.S.C.C.A.N. 1120, 1152 (2002). Defendant makes no suggestion that this case should be consolidated with any other related cases or that there are other potential claimants that share common issues with Plaintiffs in this case. The few cases that have thus far rested on the MMTJA have been large class action or consolidated cases.

Defendant in this case is also a defendant in *Chehardy v. Wooley*, No. 3:05-cv-1140. *Chehardy* was removed to the Middle District of Louisiana from a state court class action proceeding. After oral argument, jurisdiction was found to be based on 28 U.S.C. §§ 1332(a), 1332(d), and 1369. The record does not elaborate on the reasoning behind these alternative bases of jurisdiction. The case was then transferred to the Eastern District and consolidated as No. 2:06-cv-1672 with lead case *In re: Katrina Breaches Litigation*, No. 2:05-cv-4182, along with a multitude of other cases suing for damages resulting from the breached levees around New Orleans.

Defendant argues that because it is a defendant in *Chehardy,* which is based on section 1369, relates to the Hurricane Katrina "accident", and is in this jurisdiction, all other claims against it related to Hurricane Katrina can be removed to this jurisdiction under section 1441(e)(1)(B). Defendant does not

suggest that this claim should be consolidated with *Chehardy* and the *In re: Katrina Related Breaches Litigation* or with any other claims. Plaintiffs' claim has nothing to do with the breached levees and does not appear to require construction of Louisiana statutes. There is no indication that the adjudication of this suit in a state court forum would lead to inconsistent awards with suits in other fora. As the name of the act implies and as Judge Lemmon, looking at a similar jurisdictional claim, has recently decided, "[t]he narrow jurisdiction under the MMTJA is not intended to apply to a case where there are not many plaintiffs and many defendants." *Willhoft v. Kert Leblanc Ins. Agency*, No. 2:06-cv-1235 (E.D.La. July 5, 2006)(order granting remand). The same reasoning applies to this case.

Because Defendant's arguments were fairly supportable, the Court declines to award costs, expenses, and attorney's fees under 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Remand** (Rec. Doc. 3) is **GRANTED**. The above-captioned matter is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Costs,**

**Expenses and Attorney's Fees** (Rec. Doc. 3) is **DENIED**.

New Orleans, Louisiana this the 26th day of July, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE